| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| DAVID M. POITRAS P.C. (SBN 141309)<br>JEFFER MANGELS BUTLER & MITCHELL LLP<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067-4308<br>Telephone: (310) 203-8080<br>Facsimile: (310) 203-0567<br>Email: dpoitras@jmbm.com<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>CAROLINE SKEEN, | CASE NO.: 6:15-bk-11856-MH<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| | DATE: 3/31/2015<br>TIME: 10:00 a.m.<br>COURTROOM: 303 |
| Debtor(s). | |
| **Movant:** Eagle Vista Equities, LLC | |

1.  **Hearing Location:**

    ☐ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
    ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
    ☒ 3420 Twelfth Street, Riverside, CA 92501

2.  Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3.  To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☒ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

   a. ☒ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 3/12/2015

Jeffer Mangels Butler & Mitchell LLP
_____
Printed name of law firm (if applicable)

David M. Poitras
_____
Printed name of individual Movant or attorney for Movant

/s/ David M. Poitras
_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☒ Other (specify):
   Holder of Trustee's Deed Upon Sale

2. **The Property at Issue (Property):**

   a. Address:

   Street address: 1459 Laramie Avenue
   Unit/suite number:
   City, state, zip code: Redlands, California 92374

   b. Legal description, or document recording number (including county of recording):

   Lot 5, of Tract No. 6638, in the City of Redlands, County of San Bernardino, State of
   California, as per Map Recorded in Book 84 of Maps, Page 55, in the Office of the County
   Recorder of Said County

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13
   was filed on (date) _2/27/2015_ .

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (date) _____.

   c. ☐ A plan, if any, was confirmed on (date) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☐ Movant's interest in the Property is not adequately protected.

       (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

       (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant
   sufficient to protect Movant's interest against that decline.

       (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's
   obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

       (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
   commencement documents.

       (B) ☒ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

       (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of
   filing this bankruptcy case.

       (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

       (E) ☒ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules
   and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

       (F) ☐ Other (see attached continuation page).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page 3                          F 4001-1.RFS.RP.MOTION

(3) ☐  *(Chapter 12 or 13 cases only)*

    (A) ☐  All payments on account of the Property are being made through the plan.
☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐  Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐  The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐  The Movant regained possession of the Property on *(date)* _____, which is ☐ prepetition ☐ postpetition.

(6) ☐  For other cause for relief from stay, see attached continuation page.

b.  ☐  Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c.  ☐  Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d.  ☒  Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☒  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐  Multiple bankruptcy cases affecting the Property.

5.  ☒  **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a.  ☒  These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b.  ☐  Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c.  ☐  Other *(specify)*:

6.  **Evidence in Support of Motion:  (*Declaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a.  The REAL PROPERTY DECLARATION on page 6 of this motion.

b.  ☒  Supplemental declaration(s).

c.  ☐  The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d.  ☐  Other:

7.  ☐  **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 4                          **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

3. ☐ Confirmation that there is no stay in effect.

4. ☒ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☒ Any co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
   ☐ without further notice, or   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

12. ☐ If relief from stay is not granted, adequate protection shall be ordered.

13. ☐ See attached continuation page for other relief requested.

Date:  3/12/2015

Jeffer Mangels Butler & Mitchell LLP
Printed name of law firm (*if applicable*)
David M. Poitras
Printed name of individual Movant or attorney for Movant

/s/ David M. Poitras
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# REAL PROPERTY DECLARATION

I, (print name of Declarant) __Sheri Crandall_____, declare:

1.   I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would
competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real
property that is the subject of this Motion (Property) because (specify):

    a.   ☐ I am the Movant.

    b.   ☒ I am employed by Movant as (state title and capacity):   Property Supervisor

    c.   ☐ Other (specify):

2.   a.   ☒ I am one of the custodians of the books, records and files of Movant that pertain to the Property.
I have personally worked on the books, records and files, and as to the following facts, I know
them to be true of my own knowledge or I have gained knowledge of them
from the business records of Movant on behalf of Movant.  These books, records and files were made at or
about the time of the events recorded, and which are maintained in the ordinary course of Movant's business
at or near the time of the actions, conditions or events to which they relate.  Any such document was
prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event
being recorded and had or has a business duty to record accurately such event.  The business records are
available for inspection and copies can be submitted to the court if required.

    b.   ☐ Other (see attached):

3.   The Movant is:

    a.   ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the
promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct
copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

    b.   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property
(e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the
recorded security instrument and assignments are attached as Exhibit _____.

    c.   ☐ Servicing agent authorized to act on behalf of the:
        ☐ Holder.
        ☐ Beneficiary.

    d.   ☒ Other (specify): Holder of Receipt of Purchase from Trustee's Sale (attached as Exhibit 1)

4.   a.   The address of the Property is:

        Street address: 1459 Laramie Avenue
        Unit/suite no.:
        City, state, zip code: Redlands, California 92374

    b.   The legal description of the Property or document recording number (including county of recording):

        Lot 5, of Tract No. 6638, in the City of Redlands, County of San Bernardino, State of California, as per Map Recorded in
Book 84 of Maps, Page 55, in the Office of the County Recorder of Said County

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. Type of property (*check all applicable boxes*):

   a. ☐ Debtor's principal residence      b. ☒ Other residence
   c. ☐ Multi-unit residential           d. ☐ Commercial
   e. ☐ Industrial                        f. ☐ Vacant land
   g. ☐ Other (*specify*): Residential

6. Nature of the Debtor's interest in the Property:

   a. ☒ Sole owner

   b. ☐ Co-owner(s) (*specify*):

   c. ☐ Lienholder (*specify*):

   d. ☐ Other (*specify*):

   e. ☒ The Debtor ☐ did ☒ did not  list the Property in the Debtor's schedules.

   f. ☒ The Debtor acquired a fractional interest in the Property by ☒ grant deed ☐ quitclaim deed ☐ trust deed.
      The deed was recorded on (*date*) N/A_____.

7. Movant holds a   ☐ deed of trust   ☐ judgment lien ☒ other (*specify*) _Trustee's Deed Upon Sale_____
   that encumbers the Property.

   a. ☒ A true and correct copy of the document is attached as Exhibit 1.

   b. ☐ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
      attached as Exhibit _____.

   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
      trust to Movant is attached as Exhibit _____.

8. Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $ |
| b. | Accrued interest: | $ | $ | $ |
| c. | Late charges | $ | $ | $ |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[          ] | $[          ] | $[          ] |
| g. | TOTAL CLAIM as of (*date*): | $ | $ | $ |

   h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

   a. Notice of default recorded on (*date*) 9/25/2014____ or ☐ none recorded.

   b. Notice of sale recorded on (*date*) 1/9/2015____ or ☐ none recorded.

   c. Foreclosure sale originally scheduled for (*date*) 2/5/2015____ or ☐ none scheduled.

   d. Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.

   e. Foreclosure sale already held on (*date*) 3/5/2015____ or ☐ none held.

   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

 a.  Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

 b.  Number of payments that have come due and were not made: _____. Total amount: $_____

 c.  Future payments due by time of anticipated hearing date (*if applicable*):

 An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

 d.  The fair market value of the Property is $_____, established by:

 (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

 (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

 (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

 (4) ☐ Other (*specify*):

 e.  **Calculation of equity/equity cushion in Property:**

 Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** $ | | | |

 f.  Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

 (1) ☐ Preliminary title report.

 (2) ☐ Relevant portions of the Debtor's schedules.

 (3) ☐ Other (*specify*):

 g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
 I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

 h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
 By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                            Page 8                            F 4001-1.RFS.RP.MOTION

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____ % of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☒ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: <u>4/16/2015</u>.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                                            $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                                                                                      $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:                                              $[                    ]

       TOTAL POSTPETITION DELINQUENCY:                                              $

g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on
the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late
charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how
applied (if applicable):

$_____ received on (*date*) _____
$_____ received on (*date*) _____
$_____ received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                             Page 9                                    **F 4001-1.RFS.RP.MOTION**

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (date) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (date) _____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☒ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☒ Other (specify):
        See continuation pages attached

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

        1. Case name: _____
           Chapter: _____ Case number: _____
           Date filed: _____ Date discharged: _____ Date dismissed: _____
           Relief from stay regarding the Property ☐ was ☐ was not granted.

        2. Case name: _____
           Chapter: _____ Case number: _____
           Date filed: _____ Date discharged: _____ Date dismissed: _____
           Relief from stay regarding the Property ☐ was ☐ was not granted.

        3. Case name: _____
           Chapter: _____ Case number: _____
           Date filed: _____ Date discharged: _____ Date dismissed: 08/29/2013
           Relief from stay regarding the Property ☐ was ☐ was not granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

19. ☒ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☒ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☒ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/12/15 | Sheri Crandall | |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 11                                    F 4001-1.RFS.RP.MOTION

CONTINUATION OF DECLARATION OF SHERI CRANDALL

RE 1459 Laramie Avenue, Redlands, California 92374

**New paragraphs:**

20.     Movant has been forced to retain counsel to represent it in this matter, and is thereby incurring attorneys' fees and costs.

21.     The Property was duly noticed for sale by public auction pursuant to a Notice of Trustee's Sale recorded on January 9, 2015 in the official records of San Bernardino County, California as Document Number 2015-0008786.  The sale was originally set for February 5, 2015.  A true and correct copy of the Notice of Trustee's Sale is attached to the Motion and this Declaration as Exhibit 2.

22.     The Property was in fact sold via public auction in accordance with the Notice of Trustee's Sale on March 5, 2015 (the "Foreclosure Sale").

23.     Movant was the successful bidder at the Foreclosure Sale.  A true and correct copy of the Trustee's Deed Upon Sale is attached to the Motion and this Declaration as Exhibit 1. By an inadvertent mistake, the Trustee's Deed Upon Sale was recorded postpetition.

24.     After the petition date, after the Foreclosure Sale, Movant received a document from the foreclosure trustee, consisting of a cover page, a purported grant deed dated as of January 10, 2015 purportedly transferring an interest in the Property from Jerry R. Cruz to debtor Caroline Skeen (the conveyance language reads "Jerry R. Cruz, A Married Man hereby grants to Jerry R. Cruz, A Married Man as his Sole and Separate Property, And Caroline Skeen A Single Woman With 1% of the Property As Joint Tenants ...", and a notice of a chapter 13 bankruptcy filing by an individual by the name of Caroline Skeen.  True and correct copies of these documents are attached to the Motion and this Declaration as Exhibit 3.  The grant deed is not recorded.

25.     In addition to the foregoing: (i) the grant deed reflects that the purported transfer was for no consideration, (ii) the purported transfer occurred on the eve of a regularly noticed foreclosure sale, (iii) Debtor did not schedule the Property in her bankruptcy case which suggests there was no legitimate purpose for the purported transfer, and (iv) the grant deed does not appear to have been recorded with the County Recorder.

26.     In my experience as a property supervisor for Movant, I can attest that it has become increasingly common for borrowers facing an imminent real property foreclosure sale to transfer title to such property, or an interest in such property, or cause a deed of trust or other interest in such property to be "transferred", with such "interest" being transferred/recorded just prior to the actual sale occurring, in an effort to frustrate, delay and otherwise improperly postpone legitimate foreclosure sales.  For all of the foregoing reasons, this appears to be the scheme employed in this case.

27.    Based upon the foregoing, Movant seeks an order of this Court annulling the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth above. Specifically, Movant seeks annulment of the automatic stay to give effect to the Foreclosure Sale that occurred March 5, 2015, the postpetition recordation of the Trustee's Deed Upon Sale, and thereafter to take any and all action permitted under applicable state law to obtain possession of the Property.

LA 11782499v1

# EXHIBIT 1

Recording requested by:

When recorded mail to and mail tax statements to:
Eagle Vista Equities, LLC
2015 Manhattan Beach Blvd., Suite 100
Redondo Beach, CA 90278

File No. 7042.14515
1459 LARAMIE AVENUE
REDLANDS, CA 92374

## Trustee's Deed Upon Sale

APN: 0170-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

The undersigned grantor declares:
1) The grantee herein WAS NOT the foreclosing beneficiary.
2) The amount of the unpaid debt together with costs was: $69,487.13
3) The amount paid by the grantee at the trustee sale was: $217,100.00
4) The documentary transfer tax is:    $239.25
5) Said property is in: SAN BERNARDINO

And **Northwest Trustee Services, Inc.,** (herein called Trustee), as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without warranty, express or implied to

**Eagle Vista Equities, LLC**

(herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of **SAN BERNARDINO**, State of **California**, and described as follows:

LOT 5, TRACT NO. 6638, IN THE CITY OF REDLANDS, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 84 OF MAPS, PAGE 55, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated **11/21/2003**, executed by **Jerry R Cruz, a married person,** as Trustor(s), to secure certain obligations in favor of **Mortgage Electronic Registration Systems, Inc. ("MERS")** as nominee for **Irwin Mortgage Corporation**, as beneficiary, recorded **12/05/2003**, as Instrument No. 2003-0904899, of Official Records in the Office of the Recorder of **SAN BERNARDINO** County, **California**, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the office of the Recorder of said County.

Exhibit 1 - 14

File No. 7042.14515

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of Sale have been complied with. Said property was sold by said Trustee at public auction on March 5, 2015 at the place named in the Notice of Sale, in the County of **SAN BERNARDINO, California**, in which the property is situated. Grantee, being the highest bidder at such sale **$217,100.00**, became the purchaser of said property and paid therefore to said trustee the amount being in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust.

Date: March 9, 2015

**NORTHWEST TRUSTEE SERVICES, INC.**

BY: _____

Deirdre Piggott, Assistant Vice President

STATE OF WASHINGTON )
                     ) ss.
COUNTY OF KING       )

     I certify that I know or have satisfactory evidence that Deirdre Piggott is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged (he/she) as the Assistant Vice President of Northwest Trustee Services, Inc. to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

     Date: March 9, 2015

┌─────────────────────────┐
│       AIDA VETESI       │
│   STATE OF WASHINGTON   │
│     NOTARY PUBLIC       │
│  MY COMMISSION EXPIRES  │
│        07-02-18         │
└─────────────────────────┘

Notary Public in and for
the State of Washington,
residing at King County
My commission expires 07-02-18

Exhibit 1 - 15

# EXHIBIT 2

Electronically Recorded in Official Records, County of San Bernardino | 1/09/2015
08:23 AM
BM
SAN

BOB DUTTON
ASSESSOR - RECORDER - CLERK
463  NexTitle

Recording requested by:

When recorded mail to:
NORTHWEST TRUSTEE SERVICES, INC.
1241 E. Dyer Road, Suite 250
Santa Ana, CA 92705

Doc #: **2015-0008786**

| Titles: | 1 | Pages: | 2 |
|---|---|---|---|
| Fees | | | 28.00 |
| Taxes | | | .00 |
| Other | | | .00 |
| PAID | | | 28.00 |

---

Space above this line for recorder's use only

File No. 7042.14515                Title Order No. NXCA-0157252
APN 0170-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

## NOTICE OF TRUSTEE'S SALE

<u>ATTENTION RECORDER:</u> THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS
APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY.

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注 : 本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 11/21/03. UNLESS YOU TAKE ACTION
TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN
EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT
A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank,
check drawn by state or federal credit union, or a check drawn by a state or federal savings and loan
association, or savings association, or savings bank specified in §5102 to the Financial code and
authorized to do business in this state, will be held by duly appointed trustee. The sale will be made, but
without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to
satisfy the obligation secured by said Deed of Trust. The undersigned Trustee disclaims any liability for
any incorrectness of the property address or other common designation, if any, shown herein.

Trustor(s): **Jerry R Cruz, a married person**
Recorded: **12/05/03**, as Instrument No. **2003-0904899**, of Official Records of SAN BERNARDINO
County, California.
Date of Sale:    **02/05/15 at 11:30 AM**
Place of Sale: **On the southside of the main entrance to the Chino Public Library, 13180 Central
Avenue, Chino, CA**
The purported property address is: **1459 LARAMIE AVENUE, REDLANDS, CA 92374**
Assessors Parcel No. **0170-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**
The total amount of the unpaid balance of the obligation secured by the property to be sold and
reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of
Sale is **$65,862.68.**
If the sale is set aside for any reason, the purchaser at the sale shall be entitled only to a return of the
deposit paid, plus interest. The purchaser shall have no further recourse against the beneficiary, the
Trustor or the trustee.

Exhibit 2 - 16

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and if applicable, the rescheduled time and date for the sale of this property, you may call 877-484-9942 or 800-280-2832 or visit this Internet Web site www.USA-Foreclosure.com or www.Auction.com using the file number assigned to this case 7042.14515. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Date:  January 7, 2015

**NORTHWEST TRUSTEE SERVICES, INC., as Trustee**

Victoria Gutierrez, Authorized Signatory
1241 E. Dyer Road, Suite 250, Santa Ana, CA 92705
866-387-6987

Sale Info website: www.USA-Foreclosure.com or www.Auction.com
Automated Sales Line: 877-484-9942 or 800-280-2832
Reinstatement and Pay-Off Requests:  866-387-NWTS

THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE

Exhibit 2 - 17

# EXHIBIT 3

# Fax

*Please review*

To : Northwest Trustee

Fax : 17142774899

RE : Jerry r Cruz

1459 Laramie Ave Redlands CA

Trustee Sale # 877-484-9942
Please review as this has a bankruptcy
pending
6:15-bk-11856

Thank you

Exhibit 3 - 18

# Fax

Please
review

**To : Northwest Trustee**
**Fax : 17142774899**

**RE : Jerry r Cruz**

1459 Laramie Ave Redlands CA

## Trustee Sale # 877-484-9942
## Please review as this has a bankruptcy
## pending
## 6:15-bk-11856

**Thank you**

Exhibit 3 - 19

To: northwest trustee    Page 2 of 4                2015-03-05 20:21:36 (GMT)                17144948146 From: Rochelle zedepa

CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE)                                                              Page 1 of 1

United States Bankruptcy Court
Central District Of California

**Notice of Bankruptcy Case Filing**

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 13 of the United States Bankruptcy Code,
entered on 02/27/2015 at 10:46 AM and filed on 02/27/2015.

Caroline Skeen
2403 Milano Terrace
Chino Hills, CA 91710
SSN / ITIN: xxx-xx-2871

The bankruptcy trustee is:

**Rod (MH) Danielson (TR)**

3787 University Avenue
Riverside, CA 92501
(951) 826-8000

The case was assigned case number 6:15-bk-11856-MH to Judge Mark D. Houle.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our Internet home page www.cacb.uscourts.gov or at the Clerk's Office, 3420 Twelfth
Street, Riverside, CA 92501-3819.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

Kathleen J. Campbell
Clerk, U.S. Bankruptcy
Court

https://ecf.cacb.circ9.dcn/cgi-bin/NoticeOfFiling.pl?1692663                    2/27/2015

Exhibit 3 - 20

Trustee 877 484 9942

RECORDING REQUESTED BY

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:
Jerry R Cruz
1305 LARAMIE AVE
REDLANDS CA 92374

Order No:
Escrow No:
APN: 0170-361-13                                                SPACE ABOVE THIS LINE IS FOR RECORDER'S US

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)        DOCUMENTARY TRANSFER TAX is $ ____ .00 ___
                                             Computed on full value of property conveyed, or
                                             Computed on full value less liens and encumbrances remaining at time of sale.
                                             Unincorporated area    City of Redlands

For valuable consideration, receipt of which is hereby acknowledged,
**Jerry R Cruz A Married Man**
hereby GRANT(S) to

**Jerry R Cruz A Married Man As His Sole And Separate Property And Caroline Skeen A Single Woman
With A 1% Of The Property As Joint Tenants**

the real property situated in the County of  SAN BERNARDINO  State of California, more particularly
described as follows:
PLEASE SEE EXHIBIT "A"

Dated: January 10/2015

                                                        _____
                                                        Jerry R Cruz

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
                                    } ss.
COUNTY OF  LOS ANGELES _____

On __ JANUARY 10,2015 __ before me __ ALICIA ROSAS __ Notary Public, personally
appeared __ JERRY R CRUZ __
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies)
and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature _____

                                        MAIL TAX STATEMENTS AS DIRECTED ABOVE

Exhibit 3 - 21

Legal Description

Lot 5, Tract No. 6835, in the City of Redlands, County of San Bernardino, State of
California, as per map recorded in Book 84 of Maps, Page 55, in the office of the County
Recorder of said County.

Exhibit 3 - 22

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1900 Avenue of the Stars, 7th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _3/17/2015_ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod (MH) Danielson (TR)    notice-efile@rodan13.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _3/17/2015_ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

VIA OVERNIGHT MAIL
Honorable Mark D. Houle
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 365
Riverside, CA 92501-3819

VIA OVERNIGHT MAIL

Caroline Skeen
2403 Milano Terrace
Chino Hills, CA 91710

VIA OVERNIGHT MAIL

Jerry Cruz
1459 Laramie Avenue
Redlands, CA 92374

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/17/2015 | Billie Terry | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.